UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

JAMES CAVE,
    *Defendant*.

No. 3:15-cr-00083 (JAM)

**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**

Defendant James Cave has filed a sentencing memorandum, and he has separately filed a motion to seal three exhibits containing certain photographs that are attached to his sentencing memorandum. Doc. #51 (Exhibits I, L & P). The motion states that "the filing of these exhibits under seal is in the interest of justice, as they contain sensitive information." *Id.* at 1. The motion does not state any further grounds for sealing.

The public has a presumptive right of access to judicial documents under both the First Amendment and the common law. *See, e.g., Lugosch v. Pyramid Co.*, 435 F.3d 110, 119–20 (2d Cir. 2006). Sentencing memoranda in criminal cases qualify as "judicial documents" to which the presumptive right of public access attaches. *See United States v. Litvak*, 2015 WL 328876, at *2 (D. Conn. 2015); *United States v. Huntley*, 943 F. Supp. 2d 383, 385–86 (E.D.N.Y. 2013); *cf. United States v. Alcantara*, 396 F.3d 189, 197–99 (2d Cir. 2005) (discussing First Amendment right of access to sentencing proceedings). As Judge Weinstein has observed: "Particularly important is transparency in our judicial branch. Its power depends upon the people's confidence. That confidence is founded on the fact that the material judges rely on for decision is available to the public—decisions by which judges' work is judged." *Huntley*, 943 F. Supp. 2d at 385.

1

Under the First Amendment, a judicial document may be sealed only if a court finds that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Similarly, under the common law, a judicial document may be sealed "only if the court concludes that the presumption of public access—whose weight depends upon the nature of the document—is outweighed by 'competing considerations' such as, e.g., privacy interests, public safety, or attorney-client privileged information." *Litvak*, 2015 WL 328876, at *2 (quoting *Lugosch*, 435 F.3d at 120).

If a criminal defendant has "submitted the relevant information for the purposes of the court's consideration in determining what sentence would be appropriate," and where "the information was important to the court's ultimate sentencing decision," the presumption of public access may be especially weighty. *Id.* at *3. In all cases, a court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein*, 814 F.3d at 141; *see also Lugosch*, 435 F.3d at 124 (because of the presumption of public access to judicial documents, sealing orders to protect competing interests such as privacy must be "narrowly tailored" to achieve those aims); D. Conn. L. Crim. R. 57(b)(3) (requiring "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons").

Defendant's motion to seal does not state any non-conclusory reasons that would justify sealing of the exhibits in question. If the Court were to grant defendant's motion, it would be an obvious violation of the First Amendment, the common law rights of the public to access to court documents, and this Court's rules.

Accordingly, the motion to seal (Doc. #51) is DENIED. Because the technological limitations of the CMECF system do not allow for the Clerk of Court to strike and remove the filing and because the photographs in question may have been filed with the expectation that they would remain under seal, the Clerk of Court is directed to maintain the exhibits under seal (Exhibits I, L & P). The Court, however, shall not refer to or rely on these exhibits for purposes of sentencing.

If defendant believes that it is important for the Court to consult the proposed sealed photographs for purposes of sentencing, defendant may file a renewed motion to seal that sets forth a lawful basis for sealing each such photograph. Alternatively, if defendant concludes that there is no lawful basis for sealing one or more of the photographs, he may wish to consider in deciding whether to file photographs on the public record whether the probative purpose of each photograph outweighs the prudential concerns that may have prompted the motion to seal in the first place.

It is so ordered.

Dated at New Haven this 27th day of November 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge